**SULAIMAN LAW GROUP, LTD.**
Alexander J. Taylor, Esq.
California Bar No. 332334
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA A. DIAZ, <br><br> Plaintiff, <br><br> v. <br><br> FULL CIRCLE FINANCIAL SERVICES, LLC, <br><br> Defendant. | Case No. 5:21-cv-00760 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;** <br><br> 2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *ET SEQ*.** <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** Lisa A. Diaz ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, Full Circle Financial Services, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and the Rosenthal Fair Debt Collection Practices act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to this action occurred in the Central District of California.

### PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a debt collection agency operating out of Florida. Defendant's principal place of business is located at 12425 Race Track Road, Suite 100, Tampa, Florida 33626.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

9. In or around February 2021, Defendant mailed or caused to be mailed to Plaintiff a letter dated February 23, 2021 ("the Collection Letter").

10. The Collection Letter was sent in an attempt to collect upon a defaulted $4,269.33 personal debt originally owed to Check N Go ("subject debt"). *See* attached Exhibit A.

11. The collection letter stated in pertinent part:

> Great news, your current creditor has agreed to resolve your account for $2775.06. This offer of 65% of the Current Balance will resolve your account for less than the full amount owed. This offer expires if the first payment is not received by 03/15/2021.

12. Within the same paragraph, the Collection Letter also stated:

> Below are the number of payments, payment amounts, and payment due dates you must adhere to in order for Full Circle Financial Services, LLC to consider your account resolved:
>
> 1. $2775.06 on 03/31/2021

13. Plaintiff was confused because the Collection Letter stated two different due dates by which payment must be made in order to secure Defendant's settlement offer: March 15, 2021 and March 31, 2021.

14. The language in the Collection Letter was deceptive and misleading because it provided Plaintiff with conflicting information as to when she needed to make a payment on the subject debt in order to secure the settlement offer.

15. Due to the contradictory information provided in the Collection Letter, Plaintiff could not determine when the settlement offer would expire.

16. Defendant's misleading conduct has disrupted Plaintiff's daily life and general well-being, as the Collection Letter caused Plaintiff emotional distress, confusion, and annoyance because she was unable to determine when payment on the subject debt was due.

17. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

22. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

23. Defendant used the mail to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), and f through its unlawful collection practices.

    **a. Violations of FDCPA §1692e**

25. Defendant violated §1692e, e(2), and e(10) when it mailed Plaintiff the Collection Letter with two conflicting payment due dates for the settlement offer it provided. It was false, deceptive, and misleading for Defendant to provide Plaintiff with conflicting information regarding the payment due date. This contradictory information put the burden on Plaintiff to determine whether she needed to make a payment by March 15, 2021 or March 31, 2021 because the letter stated the settlement offer would expire on both days. Defendant used the misleading information in its Collection Letter to confuse and worry Plaintiff in hopes that she would make a payment on the subject debt.

    **b. Violations of FDCPA §1692f**

26. Defendant violated §1692f by using unfair and unconscionable means to collect the subject debt. It was unfair and unconscionable for Defendant to provide conflicting payment due dates in its Collection Letter. The Collection Letter clearly stated that the settlement offer would expire, but it provided two conflicting dates on which the offer would expire if payment had not been made.

This contradictory information was unfair and unconscionable because it left Plaintiff guessing as to when she needed to make a payment in order to secure the settlement offer.

27. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt using the means described above.

28. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff LISA A. DIAZ requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

31. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

32. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   **a. Violations of RFDCPA § 1788.17**

33. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

34. As outlined above, through its conduct in attempting to collection upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, e(2), e(10), and f of the FDCPA. Therefore, Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

35. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff LISA A. DIAZ respectfully requests that this Honorable Court:

    b. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    c. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    d. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    e. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    f. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: April 28, 2021       Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
California Bar No. 332334
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*